CJ-2021-200
Mai

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JAN 15 2021

RICK WARREN
COURT CLERK
112

| | |
|---|---|
| 1. CELIA THOMAS, | ) |
| Plaintiff, | ) Case No. CJ-20- |
| v. | ) |
| | ) ATTORNEY LIEN CLAIMED |
| 1. WAL-MART ASSOCIATES, INC., | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## PETITION

CJ-2021-200

**COMES NOW THE PLAINTIFF**, Celia Thomas, and pleads as follows:

### PARTIES

1. The Plaintiff is Celia Thomas, an adult resident of Oklahoma County, Oklahoma.

2. The Defendant is Wal-Mart Associates, Inc., a foreign for-profit corporation doing business in Oklahoma County, Oklahoma.

### VENUE

3. Plaintiff's claims are for age discrimination (including retaliation after Plaintiff opposed age discrimination) in violation of the Age Discrimination in Employment Act (ADEA) and Oklahoma's Anti-Discrimination Act (OADA); gender discrimination (including gender plus age) in violation of Title VII of the Civil Rights Act and the OADA; disability discrimination in violation of the Americans with Disabilities Act (ADA) and OADA; and discrimination on the basis of Plaintiff's genetic information in violation of the Genetic Information Non-Discrimination Act (GINA). Plaintiff also asserts claims for interference with her FMLA rights and retaliation after Plaintiff attempted to exercise such rights.

**EXHIBIT 5**

4. Most of the conduct giving rise to this litigation occurred in Oklahoma County, Oklahoma, such that venue is proper in Oklahoma County, Oklahoma.

## STATEMENT OF FACTS

5. The Defendant employed at least fifty employees in a seventy-five mile radius of Plaintiff's work location, for at least twenty weeks of the current or proceeding year, such that it is an employer under the FMLA, ADA, Title VII and GINA. There is not a minimum employee requirement to be subject to the OADA.

6. Plaintiff (female) was employed by Defendant from around December 2017 until around November 8, 2019.

7. Plaintiff most recently worked under the job title of Member Services Manager.

8. During all periods of employment, the Plaintiff was qualified for her job and performed satisfactorily.

9. Plaintiff was supervised by Justin McMurtrey[1] (Senior Manager), who appeared to be in his mid-thirties.

10. Mr. McMurtrey was aware that Plaintiff's mother was suffering from a type of dementia that was genetic, and that because of such family history, Plaintiff may have been at a heightened risk for this medical condition.

11. Between about January 2019 and continuing until Plaintiff's termination, around November 8, 2019, Mr. McMurtrey made frequent comments about Plaintiff's age and her risk of being diagnosed with the type of dementia from which her mother

---

[1] Spelling of names based on Plaintiff's current knowledge and information.

suffered. Mr. McMurtrey often commented about Plaintiff's age including about his intent that Plaintiff retire, that he would be glad when Plaintiff retired, and that otherwise implied that Plaintiff was too old to work for Defendant. Mr. McMurtrey pointed out that Plaintiff's mother and her sister (who also suffered from the same illness) also were genetically predisposed to the same form of dementia, that it ran in my family and that I was at increased risk, and speculated that I may also be suffering from such condition.

12. Plaintiff opposed Mr. McMurtrey's comments, including telling him that she was not too old and that she had no intention of retiring.

13. During this period Plaintiff requested to take off work to care for her seriously ill mother.

14. Plaintiff's request was a request for FMLA leave.

15. Defendant denied Plaintiff's request, denying her right to utilize her FMLA leave.

16. Plaintiff was involuntarily terminated around November 8, 2019.

17. The stated reason for the termination was that Plaintiff as authorized overtime for a vendor and that she had not attended a training she had scheduled.

18. Plaintiff is aware of at least one male who engaged in similar conduct, but was not terminated.

19. Plaintiff's job duties continued to exist and were given to younger employees who, to Plaintiff's knowledge, had not opposed discrimination.

20. As a direct result of Defendant's conduct the Plaintiff has suffered, and continues to suffer, wage loss (including back, present and front pay along with the value of

3

benefits associated with such wages) and emotional distress/dignitary harm including worry, frustration, sadness, stress and similar unpleasant emotions.

21. Plaintiff has exhausted her administrative remedies by timely filing an EEOC charge of discrimination on December 4, 2019. The EEOC issued Plaintiff her right to sue letter on January 2, 2020 and Plaintiff received such letter thereafter. This petition is timely filed within ninety (90) days of Plaintiff's receipt of her right to sue letter.

22. At the least, significant factors in the decision to terminate the Plaintiff included her age, her gender plus age, Plaintiff's association with her mother who has a disability, Defendant's perception that Plaintiff has a disability, her genetic history and/or her opposition to age discrimination. Plaintiff's requested use of FMLA protected leave, her age and/or opposition to age discrimination were also but-for causes of her termination.

## COUNT I

Plaintiff incorporate the above paragraphs and further alleges:

23. Discrimination on the basis of age violates the Age Discrimination in Employment Act and Oklahoma's Anti-Discrimination Act.

24. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages).

25. Because Defendants' conduct was willful or, at the least, in reckless disregard of Plaintiff's federal rights, Plaintiff is entitled to an award of liquidated damages under the ADEA.

26. Plaintiff is also entitled to liquidated damages under the OADA without the additional showing of willfulness or recklessness.

## COUNT II

Plaintiff incorporates the above paragraphs and further alleges:

27. Discrimination on the basis of a perceived disability violates the Americans with Disabilities Act and the OADA.

28. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages). Plaintiff is entitled to recover emotional distress/dignitary harm damages under the ADA.

29. Because Defendants' conduct was willful or, at the least, in reckless disregard of Plaintiff's federal rights, Plaintiff is entitled to an award of punitive damages under the ADA.

30. Plaintiff is also entitled to liquidated damages under the OADA.

## COUNT III

Plaintiff incorporates the above paragraphs and further alleges:

31. Discrimination on the basis genetic history violates the Genetic Information Nondiscrimination Act and the OADA.

32. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages). Plaintiff is entitled to recover emotional distress/dignitary harm damages under GINA.

33. Because Defendants' conduct was willful or, at the least, in reckless disregard of Plaintiff's federal rights, Plaintiff is entitled to an award of punitive damages under GINA.

34. Plaintiff is also entitled to liquidated damages under the OADA.

## COUNT IV

Plaintiff incorporates the above paragraphs and further alleges:

35. Interference with an employee's FMLA rights, and retaliation after she attempted to exercise such rights, are both violations of the FMLA.

36. Under this Count the Plaintiff is entitled to her wage loss (including back, present and front pay along with the value of benefits associated with such wages).

37. Plaintiff is also entitled to an award of liquidated damages.

## PRAYER

**WHEREFORE**, Plaintiff requests this Court enter judgment in her favor and against the Defendant, and grant her all compensatory damages suffered, together with all damages, liquidated damages, attorneys' fees, costs and interest, and such other legal and equitable relief as this Court deems just and proper in an amount greater than that necessary for diversity jurisdiction.


**RESPECTFULLY SUBMITTED THIS 15th DAY OF JANUARY 2021.**

HAMMONS, HURST & ASSOCIATES

*[signature]*

Mark E. Hammons, OBA No. 3784
Amber L. Hurst OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Email: amber@hammonslaw.com
JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED
*Attorneys for Plaintiff*