# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CELIA THOMAS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-21-94-G |
| | ) |
| WAL-MART ASSOCIATES, INC., | ) |
| | ) |
|     Defendant. | ) |

## **ORDER**

Now before the Court is a Partial Motion to Dismiss (Doc. No. 9) filed by Defendant Wal-Mart Associates, Inc. Plaintiff Celia Thomas has responded in opposition (Doc. No. 13), and Defendant has replied (Doc. No. 17). Having reviewed the parties' submissions and the operative pleading, the Court makes its determination.

### SUMMARY OF THE PLEADINGS

Defendant employed Plaintiff, a female, from "around December 2017 to around November 8, 2019." Am. Compl. ¶ 6 (Doc. No. 8). The parties agree that when Plaintiff was terminated, she was a Member Services Manager at a Sam's Club. *See id.* ¶ 7; Def.'s Mot. (Doc. No. 9) at 7. Justin McMurtrey ("McMurtrey"), who appeared to Plaintiff to be in his mid-thirties, was a Senior Manager and Plaintiff's supervisor. *See* Am. Compl. ¶ 9.

Plaintiff asserts that beginning in January 2019 and continuing until her termination around November 8, 2019, McMurtrey made frequent comments about Plaintiff's age, risk of being diagnosed with dementia, and retirement. *See id.* ¶ 11. Several of these comments occurred in the last two months of her employment. *Id.* Plaintiff opposed McMurtrey's

comments, telling McMurtrey that she was not too old to work and that she did not intend to retire. *Id.* ¶ 12. The Amended Complaint does not specify Plaintiff's age but alleges that Plaintiff is an adult and that Plaintiff's supervisor commented that "she was close to retirement age." *Id.* ¶¶ 1, 11(A)-(E).

During Plaintiff's last year of employment with Defendant, Plaintiff's elderly mother was in poor health and suffering from dementia. *Id.* ¶¶ 10, 13. Plaintiff requested Family and Medical Leave Act ("FMLA") leave throughout this period to care for her mother and did so specifically in September 2019. *Id.* ¶¶ 13, 14. Plaintiff was never granted the requested leave. *Id.* ¶ 15.

During the last two weeks of September 2019, Plaintiff was verbally informed that she would be terminated effective on or around November 8, 2019. *See id.* ¶ 17. Defendant's stated reasons for terminating Plaintiff were that she did not attend a training session and that she had authorized overtime for a vendor. *Id.* ¶ 18. Plaintiff alleges that these reasons are pretextual. *See id.* ¶¶ 19-20.

The Amended Complaint raises the following claims against Defendant: (1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and Oklahoma's Anti-Discrimination Act ("OADA"); (2) retaliation for opposing age discrimination in violation of the ADEA and OADA; (3) gender discrimination in violation of Title VII of the Civil Rights Act ("Title VII") and the OADA; (4) gender-plus-age discrimination in violation of Title VII and the OADA; (5) disability discrimination in violation of the Americans with Disabilities Act ("ADA") and the OADA on the basis that Plaintiff was "regarded as" having a disability; (6) disability discrimination in violation of

2

the ADA and OADA on the basis of Plaintiff's association with a person with a disability; (7) discrimination on the basis of Plaintiff's genetic information in violation of the Genetic Information Non-Discrimination Act; (8) interference with Plaintiff's rights under the FMLA; and (9) retaliation after Plaintiff attempted to exercise her FMLA rights. *See id.* ¶¶ 3, 25-40.

In its Motion, Defendant seeks dismissal of "all of Plaintiff's claims of discrimination and retaliation, and all corresponding OADA claims" pursuant to Federal Rule of Civil Procedure 12(b)(6). Def.'s Mot. at 8. In her Response, Plaintiff withdraws the claims alleging violation of the Genetic Information Non-Discrimination Act and discrimination based on Plaintiff's association with a disabled person. *See* Pl.'s Resp. (Doc. No. 16) at 6. Plaintiff also represents that her gender discrimination claims under Title VII and the OADA are "limited to gender plus age under Title VII's 'gender plus' doctrine." *Id.* at 6 n.1. Defendant's Motion does not challenge Plaintiff's claim for interference with Plaintiff's rights under the FMLA. *Id.* at 6; *accord* Def.'s Mot. at 7.

Consequently, the Court's consideration of Defendant's Motion is limited to the following claims: (1) age discrimination in violation of the ADEA and the OADA; (2) retaliation for opposing age discrimination in violation of the ADA and the OADA; (3) gender-plus-age discrimination in violation of Title VII and the OADA; (4) disability discrimination in violation of the ADA and the OADA on the basis that Plaintiff was "regarded as" having a disability by Defendant; and (5) retaliation after Plaintiff attempted to exercise her FMLA rights. *See* Pl.'s Resp. at 6 & n.1.

STANDARD OF DECISION

In analyzing a motion to dismiss under Federal Rule of Civil Procedure 12 (b)(6), the Court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face." (internal quotation marks omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)). While Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint must contain more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See* Fed. R. Civ. P. 8(a)(2); *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Iqbal*, 556 U.S. at 679 (2009).

DISCUSSION

I.     *Gender-Plus-Age Claims*

A plaintiff may establish a Title VII discrimination claim either by direct evidence of discrimination or by satisfying the burden-shifting framework of *McDonnell Douglas*. *See Khalik*, 671 F.3d at 1192 (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under the *McDonnell Douglas* framework, the plaintiff first bears the burden of establishing a prima facie case of discrimination; the burden then "shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action." *Id.* "If the defendant does so, the burden then shifts back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext." *Id.*

The *McDonnell Douglas* requirement that a plaintiff establish a prima facie case "is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002).[1] At the motion to dismiss stage a plaintiff need not establish a prima facie case. *Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1050 (10th Cir. 2020). Rather, the Court must consider whether the plaintiff has set forth a "plausible claim in light of the elements of [her] claim." *Id.* "In general, a Title VII plaintiff bringing a

---

[1] In clarifying the role of the *McDonnell Douglas* framework in a Rule 12(b)(6) analysis, the Tenth Circuit has explained that "[w]hile the 12(b)(6) standard does not require that [the plaintiff] establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether [the plaintiff] has set forth a plausible claim." *Khalik*, 671 F.3d at 1192; *see Morman v. Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015) ("The inferences offered by the *McDonnell Douglas* framework assist judges in resolving motions to dismiss by providing an analytical framework to sift through the facts alleged.").

5

claim of employment discrimination in a termination decision must show four elements: '(1) [she] belongs to a protected class; (2) [she] was qualified for [her] job; (3) despite [her] qualifications, [she] was discharged; and (4) the job was not eliminated after [her] discharge.'" *Id.* (quoting *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1229 (10th Cir. 2000)).

"Female sex-plus plaintiffs," however, "must show discrimination compared to men who share the same 'plus-' characteristic." *Id.* at 1051. "If [the] complaint does not plausibly allege that . . . the termination[] w[as] based on sex, it would not state a sex-plus-age claim." *Id.* A gender-plus-age plaintiff "must plead facts sufficient to raise an inference that alleged discrimination was not based *solely* on age—the 'plus' factor." *Id.* Simply put, a plausible gender-plus discrimination claim cannot exist without gender discrimination. *See id.* at 1051.

Here, Plaintiff alleges that she is female (a member of a protected class), was qualified for her job during her employment, and was discharged. *See* Am. Compl. ¶¶ 1, 4. It is unclear from the pleading whether Plaintiff's position was eliminated after the discharge, but Plaintiff does state that her "job duties continued to exist and were given to younger employees." *Id.* ¶ 21.

Plaintiff mentions gender only once in her statement of facts, asserting, "At the least, significant factors in the decision to terminate the Plaintiff included her age, her gender plus age, Plaintiff's association with her mother who has a disability, Defendant's perception that Plaintiff has a disability, her genetic history and/or her opposition to age

6

discrimination." *Id.* ¶ 25.² Plaintiff alleges no facts suggesting that she was treated differently than her male coworkers or replaced by any males. She specifically states that Amanda Orr, a female, was assigned some of Plaintiff's job duties after Plaintiff's termination. *See id.* ¶ 22. Additionally, none of the alleged comments by her supervisor, McMurtrey, related to Plaintiff's gender. *See id.* ¶ 11(A)-(E).

Plaintiff's single statement that her gender plus age was a significant factor in the decision to terminate her is the kind of general and conclusory assertion of discrimination that precedent instructs is insufficient to survive a motion to dismiss. *See Khalik*, 671 F.3d at 1193. Plaintiff fails to plausibly allege that her termination was based, at least in part, on her gender, and so she cannot establish a gender-plus-age claim under Title VII. *See Frappied*, 966 F.3d at 1051-53. For these reasons, the Court grants the Motion as to Plaintiff's Title VII and OADA gender-plus-age discrimination claims.³

## II.     *"Regarded As" Disability Discrimination Claims*

The Americans with Disabilities Act, or "ADA," prohibits discrimination "against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). "To establish a prima facie case of discrimination under the [ADA], a plaintiff must show that (1) [s]he is disabled as defined under the [ADA]; (2) [s]he is qualified, with or without reasonable accommodation by the employer, to perform the essential functions of the job; and (3) [s]he

---

² In the remainder of the Amended Complaint, Plaintiff mentions gender in identifying her claims but includes no additional allegations of fact relevant to gender discrimination.

³ "[C]laims under the OADA are evaluated using the same standards as claims under Title VII . . . , and a claim that fails under Title VII will also fail under the OADA." *Tilghman v. Kirby*, No. CIV-13-73-D, 2015 WL 5472498, at *3 (W.D. Okla. Sept. 16, 2015).

7

was discriminated against because of [her] disability." *Adair v. City of Muskogee*, 823 F.3d 1297, 1304 (10th Cir. 2016); *accord Holopirek v. Kennedy & Coe, LLC*, 303 F. Supp. 2d 1223, 1230 (D. Kan. 2004).  The ADA defines disability as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1).  Plaintiff alleges she suffered "discrimination on the basis of a perceived disability."  Am. Compl. ¶ 30.  Therefore, Plaintiff's disability would fall under § 12102(1)(C).

A plaintiff "meets the requirement of being 'regarded as having [a qualifying] impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  42 U.S.C. § 12102(3)(A).  Under the ADA, a plaintiff alleging a "regarded as" discrimination claim must show that "(1) [s]he has an actual or perceived impairment, (2) that impairment is neither transitory nor minor, and (3) the employer was aware of and therefore perceived the impairment at the time of the alleged discriminatory action." *Adair*, 823 F.3d at 1306.

Here, Plaintiff alleges that, over a ten-month period, McMurtrey made frequent comments about "Plaintiff's age and her risk of being diagnosed with the type of dementia from which her mother suffered."  Am. Compl. ¶ 11.  Plaintiff states that these comments increased in the last two months of her employment, which is around the time Plaintiff was informed she would be terminated and, indeed, was terminated.  *See id.* ¶¶ 11, 17.  Plaintiff

recites that McMurtrey stated he "believed Plaintiff was at an increased risk for dementia because of her family history of this illness," and that McMurtrey "speculated that Plaintiff may be suffering from dementia based on her family history and her mother having this condition." *Id.* ¶ 11(D)-(E).

For the purpose of evaluating Plaintiff's "regarded as" ADA claim at this stage, the Court accepts that dementia qualifies as an impairment under the ADA. Even so, neither of the facts alleged—that McMurtrey stated he believed Plaintiff may be at an increased risk of developing an impairment and that McMurtrey speculated that Plaintiff *may* have an impairment—amount to McMurtrey perceiving Plaintiff as actually suffering from an impairment. *See Betchan v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, No. CIV-20-128-G, 2020 WL 7033989, at *3 (W.D. Okla. Nov. 30, 2020) ("[Plaintiff] has alleged no facts indicating that Defendants believed her to be infected with any disease—only that she was required to undergo testing due to the possibility of infection."); *see also* Def.'s Mot. at 22. Consequently, Plaintiff has not plausibly alleged that she was "regarded as" being disabled under 42 U.S.C. § 12102(1)(C), or that she was discriminated against "on the basis of" her perceived disability in contravention of 42 U.S.C. § 12112(a). Therefore, the Court grants the Partial Motion to Dismiss as to the ADA and OADA disability discrimination claims.[4]

---

[4] "Because the protections provided by the OADA are co-extensive with the protections provided by federal law under the ADA, a plaintiff's OADA claim fails if her federal discrimination claims fail." *Hamilton v. Okla. City Univ.*, 911 F. Supp. 2d 1199, 1206 (W.D. Okla. 2012) (internal quotation marks omitted).

### III. Age Discrimination Claims

"Under the ADEA, an employer cannot 'discharge any individual . . . because of such individual's age." *Hare v. Denver Merch. Mart*, 255 F. App'x 298, 301 (10th Cir. 2007) (omission in original) (quoting 29 U.S.C. § 623(a)(1)). To allege a plausible prima facie case of age discrimination in a termination case, the plaintiff must show that "(1) [s]he belonged to a protected class; (2) [s]he was qualified for the position; (3) [s]he was discharged; and (4) the position was not eliminated after [her] discharge." *Id.* at 301-02. Additionally, ADEA claims require that a plaintiff prove, by either direct or circumstantial evidence, that age was the "but for" cause of the adverse employment action. *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009). At the motion to dismiss stage, this means that the Plaintiff must allege facts that support plausible "but-for" causation, connecting the alleged discriminatory action to her termination. *See Branum v. Orscheln Farm & Home, LLC*, No. CV-18-281, 2020 WL 1917334, at *3 (E.D. Okla. Apr. 20, 2020). The Tenth Circuit has instructed that but-for causation "does 'not require [a plaintiff] to show that age was the sole motivating factor in the employment decision.'" *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1277 (10th Cir. 2010) (alteration omitted) (quoting *Wilkerson v. Shinseki*, 606 F.3d 1256, 1266 (10th Cir. 2010)). Rather, a plaintiff asserting an ADEA claim can establish liability even if other factors contributed to the employer taking an adverse action, "as long as age was the factor that made a difference." *Id.* (internal quotation marks omitted).

Defendant argues that Plaintiff's pleading fails to establish plausible causation as to her age discrimination claims. *See* Def.'s Mot. at 9-10. The Court can plausibly infer from

10

Plaintiff's allegations that she was over 40 years old, was qualified for her position, performed her duties satisfactorily, and was discharged. *See* Am. Compl. ¶¶ 7, 11. As noted earlier, Plaintiff does not clearly allege whether her position continued to exist after her termination, but she states that her "job duties continued to exist and were given to younger employees." *Id.* ¶ 21. Viewing the factual allegations in the light most favorable to Plaintiff, the Court can infer that Plaintiff's position continued to exist in some form.

Defendant nevertheless argues that Plaintiff fails to allege plausible causation because: (1) Plaintiff's allegations do not show temporal proximity between McMurtrey's alleged comments and her termination; (2) Plaintiff's allegations do not show that McMurtrey was involved in her termination; and (3) Plaintiff's allegations do not show that age was the "factor that made a difference" in the decision to terminate her. *Jones*, 617 F.3d at 1277 (internal quotation marks omitted); *see* Def.'s Mot. at 11-15.

"Depending on the specific facts of the case, temporal proximity can contribute to an inference of discrimination." *Trujillo v. PacifiCorp*, 524 F.3d 1149, 1157 (10th Cir. 2008). "The closer in time a protected action . . . is followed by an adverse action . . . , the more likely temporal proximity will support an inference of discrimination." *Id.* (finding that time periods of three and six weeks between the protected activity and the adverse employment action helped support an inference of discrimination); *see also Bostic v. City of Jenks*, 19-CV-0541, 2020 WL 3065915, at *7 (N.D. Okla. June 9, 2020) (dismissing a gender discrimination claim where the alleged discriminatory incidents occurred a year or more before the plaintiff's termination).

11

Here, Plaintiff alleges that from about January 2019 until her termination on November 8, 2019, "Mr. McMurtrey made frequent comments about Plaintiff's age and her risk of being diagnosed with the type of dementia from which her mother suffered." Am. Compl. ¶ 11. Plaintiff states that several comments occurred in the last two months of Plaintiff's employment. *See id.* Defendant argues that the fact that Plaintiff was notified of the termination decision in September 2019, about six or seven weeks before her termination became effective, is fatal to Plaintiff's claim, as "any comments that occurred after the alleged September 2019 decision to terminate Plaintiff do not support causal connection, and the Court is left to speculate as to which of these other comments occurred before or after that decision." Def.'s Mot. at 12.

The Court disagrees. Plaintiff alleges that over a ten- or eleven-month period, Plaintiff's supervisor made "frequent comments" about her age and the possibility that Plaintiff may have dementia—an age-related illness. Am. Compl. ¶ 11. Plaintiff claims these comments continued and increased around the time Plaintiff was informed of her termination and was subsequently terminated. *See id.* Accepting Plaintiff's factual assertions as true, the temporal connection between the alleged discriminatory comments and Plaintiff's termination is not so attenuated as to render Plaintiff's claim implausible.

Defendant also argues, "Plaintiff makes no allegation that McMurtrey was even involved in the decision to terminate Plaintiff," and that this failure is "fatal" to Plaintiff's discrimination claims. *See* Def.'s Mot. at 12-13. Defendant cites *Hare v. Denver Merchandise Mart, Inc.*, 255 F. App'x 298, to support its argument. In *Hare*, the Tenth Circuit noted that when a plaintiff uses actions or remarks to establish an inference of

12

<~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

discrimination, the plaintiff must show a nexus between the discriminatory remarks and the decision to terminate. *See id.* at 303. "To show a nexus, the remarks must be made by someone involved in the decision to terminate the plaintiff." *Id.*

Here, Plaintiff alleges that in the ten months leading up to her termination, Plaintiff's supervisor McMurtrey made comments regarding Plaintiff's age, Plaintiff being close to retirement age, Plaintiff's risk of being diagnosed with dementia, McMurtrey's speculation that Plaintiff may be suffering from dementia, McMurtrey's intention that Plaintiff retire soon, and McMurtrey's sentiment that he would "be glad when Plaintiff retired." Am. Compl. ¶ 11. Plaintiff further alleges, "Around the last two weeks of September 2019 Plaintiff was verbally told she would be terminated, but that the termination would become effective around November 8, 2019." *Id.* ¶ 17.

"[W]hile defendant is correct that the complaint does not identify the individual who made the decision to terminate plaintiff, plaintiff may not know the decisionmaker's identity at this stage." *Porras v. N. Okla. Cnty. Mental Health*, No. CIV-21-0631-F, 2021 WL 5065865, at *3 (W.D. Okla. Nov. 1, 2021) (citing *Khalik*, 671 F.3d at 1193). The Court finds that Plaintiff's allegations, when taken in their entirety, are sufficient to support a plausible inference that McMurtrey played some role in the decision to terminate Plaintiff. Accordingly, the age-related comments attributed to McMurtrey sufficiently show that "age was the factor that made a difference" in Plaintiff's termination and

therefore support a claim under the ADEA. Consequently, Defendant's Motion is denied as to Plaintiff's age discrimination claims.[5]

### IV. FMLA Retaliation Claim

The FMLA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual for opposing any practice made unlawful by [the FMLA]." 29 U.S.C. § 2615(a)(2). This provision creates a retaliation theory of recovery. *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 1004 (10th Cir. 2011) (citing *Metzler v. Fed. Home Loan Bank of Topeka*, 464 F.3d 1164, 1170 (10th Cir. 2006)). Consequently, "it is unlawful for an employer to retaliate against an employee for taking FMLA leave." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1318 (10th Cir. 2017) (alteration and internal quotation marks omitted). To establish a prima facie case of FMLA retaliation, a plaintiff must show the following: (1) she engaged in activity protected by the FMLA; (2) the employer took an action that a reasonable employee would have found materially adverse; and (3) a causal connection exists between the protected activity and the adverse action. *Id.*

Defendant does not dispute that Plaintiff has adequately pled the first two elements of a FMLA retaliation claim but argues that her allegations do not plausibly show a causal connection between her FMLA request and subsequent termination. *See* Def.'s Mot. at 15-

---

[5] "The success of [a] [p]laintiff's age discrimination claim under the OADA is contingent on the success of her ADEA claim." *Branum*, 2020 WL 1917334, at *3. "Plaintiff's age discrimination claim under the OADA is analyzed in the same way as an ADEA claim." *Andrews v. Okla. Workers' Comp. Comm'n*, No. CIV-21-609-R, 2021 WL 4699075, at *7 (W.D. Okla. Oct. 7, 2021).

16. Specifically, Defendant argues that there is no causal connection because Plaintiff has not alleged that the person who terminated her employment knew of Plaintiff's FMLA request. *Id.* In response, Plaintiff asserts that the temporal proximity between Plaintiff's FMLA request and her termination is enough to establish a causal connection. *See* Pl.'s Resp. at 21.

The Tenth Circuit has recognized temporal proximity between protected conduct and termination as evidence of a causal connection that supports an inference of a retaliatory motive on the employer's part. *See Metzler*, 464 F.3d at 1171; *Trujillo*, 524 F.3d at 1157 n.5. However, "a plaintiff may rely on temporal proximity alone only if 'the termination is *very closely* connected in time to the protected activity.'" *Id.* (quoting *Anderson v. Coors Brewing*, 181 F.3d 1171, 1179 (10th Cir. 1999)).

Temporal proximity between a protected activity and a retaliatory act is "meaningless" if those who caused the retaliatory act were unaware of the protected activity. *Bunch v. Indep. Sch. Dist. No. I-050*, 435 F. App'x 784, 788-89 (10th Cir. 2011). Consequently, "[t]o establish a causal connection, [a plaintiff] 'must show that the person who took adverse action against her knew of the protected activity.'" *Elliott v. Am. Airlines, Inc.*, 540 F. Supp. 2d 1203, 1209 (N.D. Okla. 2008) (quoting *Williams v. Rice*, 983 F.2d 177, 181 (10th Cir. 1993)). The Tenth Circuit has noted that in some situations, such as when a plaintiff works for a large corporation, an employee "may not know who actually fired her or for what reason," but "a plaintiff should have at least some relevant information to make the claims plausible on their face." *Khalik*, 671 F.3d at 1193

(affirming dismissal under Rule 12(b)(6) where the plaintiff alleged no facts linking her FMLA leave request to her termination).

Plaintiff alleges that she requested FMLA leave in mid- and late 2019 and specifically made such a request in September 2019. *See* Am. Compl. ¶¶ 13, 14. Plaintiff asserts that Defendant never granted Plaintiff's FMLA leave requests even though she qualified. *See id.* ¶¶ 14-16. Plaintiff alleges that, during the last two weeks of September 2019, she was verbally informed she would be terminated effective around November 9, 2019. *See id.* ¶ 17.

Plaintiff does not, however, allege any facts indicating who informed her of her termination, who made the termination decision, to whom she made her FMLA leave requests, who denied or ignored any FMLA leave request, or whether any person to whom she made an FMLA leave request was involved in the termination decision. While Plaintiff need not plead all of these facts, she should be able to plead some of them. *See Khalik*, 671 F.3d at 1194. Because Plaintiff has failed to plausibly establish a causal connection between her leave request and her termination, the Court grants Defendant's Motion as to the FMLA retaliation claim.

V. *ADEA and OADA Retaliation Claims*

The ADEA prohibits discrimination against an employee who "has opposed any practice made unlawful" by the ADEA. 29 U.S.C. § 623(d). To allege a prima facie case of age retaliation under the ADEA, Plaintiff must show the following: "(1) [s]he engaged in protected opposition to discrimination; (2) [s]he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse

16

employment action." *McElroy v. Am. Fam. Ins.*, 630 F. App'x 847, 850 (10th Cir. 2015). Defendant argues that Plaintiff's age retaliation claim fails for two reasons: (1) Plaintiff has not alleged that she engaged in any protected opposition to discrimination; and (2) Plaintiff has not alleged any facts supporting a causal connection between the alleged protected opposition and her termination. *See* Def.'s Mot. at 11.

"Although there are no 'magic words' that qualify a complaint as protected activity, the employee must convey to the employer her concern of an employer's unlawful practice." *Kawahara v. Guar. Bank & Tr.*, 835 F. App'x 386, 390 (10th Cir. 2020) (quoting *Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008)). For an activity to constitute protected opposition, the activity cannot be a general complaint. *See id.*; *Hankishiyev v. ARUP Labs.*, 732 F. App'x 673, 676-77 (10th Cir. 2018) ("[G]eneralized employment complaints do not amount to protected opposition to discrimination." (internal quotation marks omitted)).

Plaintiff asserts that she engaged in protected opposition regarding the comments McMurtrey made about her age, increased risk of dementia, and potential retirement by telling her supervisor that "she was not too old to continue working and that she had no intention of retiring." Am. Compl. ¶ 11. Standing alone, this verbal response to McMurtrey does not communicate a concern that Defendant was engaged in an unlawful activity. *See Kawahara*, 835 F. App'x at 390 (holding that the plaintiff's statement that a company loan program was "not right" was not protected activity because the statement did not convey that the plaintiff thought the company's actions were unlawful). Therefore, Plaintiff's response does not plausibly constitute protected opposition.

17

Because the Plaintiff has not alleged claims of retaliation under the ADEA and OADA upon which relief can be granted, the Court grants Defendant's Motion as to these claims.[6]

## CONCLUSION

For the reasons detailed above, the Partial Motion to Dismiss of Defendant Wal-Mart Associates, Inc. (Doc. No. 9) is GRANTED IN PART AND DENIED IN PART. The Court dismisses without prejudice Plaintiff's gender-plus-age discrimination claims under the OADA and Title VII of the Civil Rights Act, Plaintiff's "regarded as" disability discrimination claims under the OADA and ADA, Plaintiff's retaliation claims under the OADA and ADEA, and Plaintiff's FMLA retaliation claim.

Plaintiff's claims for FMLA interference and for age discrimination under the ADEA and the OADA remain pending. This matter will be set for a status and scheduling conference on the Court's next available docket.

IT IS SO ORDERED this 29th day of September, 2023.

_____
CHARLES B. GOODWIN
United States District Judge

---

[6] "The legal analysis for a retaliation claim under the OADA is the same as the analysis for a retaliation claim under the ADEA or Title VII." *Branum*, 2020 WL 1917334, at *4; *see also Hamilton*, 911 F. Supp. 2d at 1206.